UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

Maurice Taylor,

      Defendant.

Civil Action No.:
Hon:

_____/

GOODMAN & POESZAT, PLLC
Jeffrey G. Poeszat (P51370)
Attorneys for the United States of America
20300 West 12 Mile Road, Suite 201
Southfield, MI  48076
248/750-0500
_____/

## COMPLAINT

The United States of America, Plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution, 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 19946 Strasburg, Detroit, MI, 48205-1636.

### The Debt Loan #I 2011A55845

3. The debt owed to the United States of America is as follows:

| | |
|---|---:|
| A. Current principal balance (after application of all prior payments, credits, and offsets): | $4,887.73 |
| B. Current capitalized interest balance and accrued interest: | $7,795.78 |
| C. Administrative Fee, Costs, Penalties: | $0.00 |
| D. Credits previously applied (Debtor payments, credits and offsets): | $0.00 |
| Total Owed | $12,683.51 |

The Certificate of Indebtedness, attached as Exhibit B, shows the total owed excluding attorney's fees and Court costs and related charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 3.54% per annum from the date stated in Exhibit B. The promissory notes which are at issue are attached as Exhibit A, hereto.

WHEREFORE, Plaintiff prays that the Court enter Judgment in its favor and against Defendant in the amount of $12,683.51, plus recoverable costs, interest and attorney fees.

### The Debt Loan #II 2011A55833

4. Plaintiff incorporates Paragraphs 1 - 3 as set forth herein verbatim.

5. The debt owed to the United States of America is as follows:

| | |
|---|---:|
| A. Current principal balance (after application of all prior payments, credits, and offsets): | $2,809.56 |
| B. Current capitalized interest balance and accrued interest: | $4,801.89 |
| C. Administrative Fee, Costs, Penalties: | $0.00 |
| D. Credits previously applied (Debtor payments, credits and offsets): | $0.00 |
| Total Owed | $7,611.45 |

The Certificate of Indebtedness, attached as Exhibit D, shows the total owed excluding attorney's fees and Court costs and related charges. The principal balance and the

interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 8.0% per annum from the date stated in Exhibit D. The promissory notes which are at issue are attached as Exhibit C, hereto.

WHEREFORE, Plaintiff prays that the Court enter Judgment in its favor and against Defendant in the amount of $7,611.45, plus recoverable costs, interest and attorney fees.

### Failure to Pay

6. Plaintiff incorporates Paragraphs 1 - 5 as set forth herein verbatim.

7. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, the United States of America prays for judgment:

A. For the sums set forth in Paragraph 3 above, in the amount of $12,683.51, plus the sums set forth in Paragraph 5 above, in the amount of $7,611.45, for a cumulative total of $20,294.96, plus prejudgment interest through the date of judgment, all administrative costs, and service of process costs allowed by law, and post-judgment interest at the legal rate, pursuant to 28 U.S.C. § 1961.

B. For attorneys' fees and costs allowed by law or contract; and

C. For such other relief which the Court deems proper.

        Respectfully submitted,

        GOODMAN & POESZAT, PLLC

By: <u>s/ Jeffrey G. Poeszat</u>
     Jeffrey Poeszat, Bar No. (P51370)
     20300 W 12 Mile Road, Suite 201
     Southfield, Mi 48076
     Telephone No. 248/750-0500
     Fax No. 248/750-0508
     jpoeszat@goodmanpoeszat.com

July 20, 2011

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

### CERTIFICATE OF INDEBTEDNESS #2 OF 2

Maurice Taylor
19946 Strasburg
Detroit, MI 48205-1636
Account No. XXXXX7384

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 04/14/11.

On or about 02/18/87, the borrower executed promissory note(s) to secure loan(s) of $4,000.00 from First Bank (Milwaukee, WI). This loan was disbursed for $4,000.00 on 09/29/87, at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by Higher Education Assistance Authority, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 05/19/89, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $4,887.73 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 02/02/93, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 4,887.73 |
| Interest: | $ 7,795.78 |
| Total debt as of 04/14/11: | $12,683.51 |

Interest accrues on the principal shown here at the current rate of 3.54 percent and a daily rate of $0.47 through June 30, 2011, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 5/5/11

_____
Loan Analyst
Litigation Support


Peter La Roche
Loan Analyst


EXHIBIT B

PLEASE PRINT CLEARLY IN INK

BE SURE TO PUT YOUR INITIALS BY ANY CORRECTIONS YOU HAVE TO MAKE.

# AUXILIARY LOAN TO ASSIST STUDENTS (ALAS)

Your Name: Maurice Taylor
Your Address: 18415 Goble
Your City State ZIP: Det, MI 48213

## A. IMPORTANT – READ THIS INFORMATION CAREFULLY

The terms "I" and "me" refer to the borrower.

1. I will read the Promissory Note before I fill it out. If I have any questions, I will ask my lender. If I don't know who my lender will be, I will contact my school or the Higher Education Assistance Foundation (HEAF). [illegible] The lender has the right not to make a loan or lend an amount less than the Loan Amount Requested [illegible] that the lender lends.
2. When the lender accepts my signed Promissory Note with my application, the lender is not [illegible]
3. Laws and regulations may not allow the lender to lend me as much as I have asked for. After HEAF has agreed to guarantee my loan, the lender will send me a Disclosure Statement. The Disclosure Statement will tell me:
   a) the total dollar amount of my loan
   b) the interest rate I will pay
   c) [illegible]
   d) the check disbursement date
   e) repayment terms, if principal not deferred
   f) interest payment [illegible] principal repayment deferred

Some of the terms on my Disclosure Statement may be different from what they are on the Promissory Note. If they are [illegible] the terms on the Disclosure Statement apply instead of what is on this Note. If I am not satisfied with the new terms, I may cancel this agreement. I will contact my lender immediately and I will not cash the loan check. I will be sure to check the Disclosure Statement as soon as [illegible] let my lender know if anything looks wrong or if I have any questions.

BEST COPY AVAILABLE AT TIME OF ACH

## B. PROMISE TO PAY

I, Maurice Taylor (Print Your Name as Borrower), promise to pay to the order of First Bank (N.A.) Milwaukee, Wisconsin

All of the following Amounts:

The entire Loan Amount Requested or such lesser amount as is loaned (LOAN AMOUNT)

REQUESTED $ 4,000.00

Interest on the unpaid principal balance of 12 percent per year [illegible]

The guarantee fee of one percent per year (up to five years) of the loan amount [illegible] a declining balance.

## C. REPAYMENT

[illegible] Immediate Repayment. If the preceding box is checked, I agree to begin repayment of the principal and interest within 60 days of disbursement. The terms and conditions of the repayment will be identified in the Disclosure Statement.

[illegible] If the preceding box is checked, I wish to defer repayment [illegible] of this Note. During the [illegible] interest on the loan shall be [illegible] in accordance with the terms as [illegible] on the Disclosure Statement [illegible]

a) be paid by me in installments [illegible] when the accrued [illegible]
b) accrue until repayment of principal begins [illegible] added to the principal amount of the loan.

I agree to begin repayment of this loan in periodic installments of principal and interest within 60 days after I cease to be entitled to the deferment.

2. I will repay this loan over a term of no less than five years, and no more than ten years from the date principal repayment begins. However, the following exceptions apply to this rule:
   a) The repayment term may be longer than ten years if I qualify for a deferment for reasons explained in Section D or for a modification of the repayment terms as explained in Section E.
   b) My Lender may require a shorter repayment period if necessary to ensure that my payments in any year on my ALAS and Guaranteed Student Loan program loans, [illegible] of my spouse, total at least $600 or the unpaid balance of such loans, whichever is less.
   c) [illegible] request, and the lender may grant me, a repayment period shorter than five years. In that event, I may later choose to have the repayment period extended to 5 years.
3. The particular terms and conditions of repayment that apply to this loan will be set forth in a separate Loan Disclosure. If I have more than one ALAS loan, the loans may be combined and the repayment terms will also be disclosed in a separate Repayment Schedule.
4. I will contact the Lender prior to expiration of the period of deferment to negotiate the terms of repayment. If I neglect to do so, I authorize the Lender to establish repayment terms within the guidelines set forth in paragraph 2, without my further approval; however, my Lender must inform me of the terms in writing at the latest address which I have provided to the Lender.
5. My obligation to repay this loan shall be cancelled if I die or become totally and permanently disabled.
6. At my option and without penalty I may prepay all or any part of the loan plus interest [illegible] at any time. In the event of prepayment I may be entitled to a refund of unearned interest. The amount of any such rebate shall be computed by the same method by which interest payments were computed.

## D. DEFERMENT OF PAYMENT

In certain instances authorized by the Act (see Section I), the payments on this loan may be deferred. The instances currently authorized by the Act are described on the reverse of this Note. If I seek such deferment I agree to comply with the relevant federal regulations and the Rules and Regulations of HEAF including without limitation submission of required forms to the Lender.

I will remain responsible for payment of interest during any period of deferment which my Lender may [illegible] on a periodic basis or [illegible] add to the principal balance of the loan.

## E. MODIFICATION OF REPAYMENT TERMS

If I am unable to repay this loan in accordance with the terms of this Note I may request my Lender to modify these terms. My Lender may, but is not required to, allow any of the following:

1) A short period of time in which payments are waived
2) A reasonable extension of time for making payments
3) The making of smaller payments than were originally scheduled

No such modification shall affect my continuing obligation to pay interest.

## F. DEFAULT & ACCELERATION

[illegible] and accrued interest [illegible] HEAF regulations governing the ALAS [illegible]

1) Failing to make [illegible] payment [illegible]
2) Making any false representation [illegible]
3) Using the loan [illegible]
4) Failing to [illegible]
5) Not [illegible] my graduation date [illegible]

[illegible] default I will [illegible] permitted by federal [illegible] Act [illegible] I will pay collection costs not to exceed 25 percent of the unpaid principal and accrued interest. Declaring these amounts immediately due and payable is at the option of the lender, which it may do only after complying with applicable notice and other requirements of law. Failure to exercise this option does not constitute a waiver of the lender's right to exercise the option at a later date. If I default, the lender may endorse this Note to HEAF. I will then be required to pay HEAF all amounts owed.

## G. CREDIT BUREAU NOTIFICATION

If I default on this loan, the lender or HEAF may report the default to credit bureau organizations. This may significantly and adversely affect my credit rating. The lender must provide information on the repayment status of this loan to any credit bureau organization upon my request. If not otherwise prohibited by law, the lender may disclose information about the status of this loan to any credit bureau organizations.

## H. LATE CHARGES

If permitted by law, the lender may collect from me a late charge if I fail to make any part of any installment payment within 10 days after it is due, unless I provide documentation that I am entitled to have the payment deferred as described under Section D in this Promissory Note. A late charge may not exceed $5 or 5% of an installment, whichever amount is less.

## I. GENERAL

I understand that the lender has applied for a guarantee of this loan through the Higher Education Assistance Foundation (HEAF) and because of this, the loan is subject to, and the terms of this Note will be interpreted in accordance with, Sub-chapter IV, Part B of the Higher Education Act of 1965 (the "Act") as amended, federal regulations adopted under the Act, and the Rules and Regulations of HEAF. To the extent not governed by federal law, this Note shall be governed by the laws of the jurisdiction in which the lender is located.

**NOTICE TO BORROWER**

**(a) DO NOT SIGN THIS PROMISSORY NOTE BEFORE YOU READ IT**
**(b) YOU ARE ENTITLED TO A COPY OF THIS PROMISSORY NOTE.**
**(c) YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY.**
**(d) IF YOU HAVE ANY QUESTIONS OR WISH TO CANCEL THIS LOAN 1) DO NOT CASH THE LOAN CHECK(S) AND 2) CONTACT YOUR LENDER.**

x Maurice Taylor — Oct 18 1987

Sign Your Name — Today's Date

Your Indorser's Signature (if any) — Today's Date

Your Indorser's Address: City, State and ZIP Code

The above signed indorser signs this Promissory Note in the capacity of an indorser within the meaning of the Uniform Commercial Code. As such, the undersigned hereby waives demand, presentment for payment, notice of nonpayment, protest, and notice of protest, and acknowledges and agrees that the Lender has expressly reserved its rights against the undersigned notwithstanding deferment of payment in accordance with Section D of this Note or modification of repayment terms in accordance with Section E of this Note.

LENDER COPY

HEAF FORM A263 08 85

EXHIBIT A

## DEFERMENT OF REPAYMENT

I understand that in certain instances authorized by the ACT the payments that I am required to make under Section B may be deferred. Payments of principal on my loan will be deferred after the repayment period begins, because of circumstances listed below, provided I comply with the procedural requirements set forth in the regulations governing the Auxiliary Loan to Assist Students (ALAS).

1. While I am enrolled in —

   A. Full time study at a school that is participating in the ALAS program. (However, my citizens or nationals must attend school outside of the U.S.);

   B. Full time study at an institution of higher education or a vocational school that is operated by an agency of the Federal Government (e.g., the service academies);

   C. A graduate fellowship program approved by the Secretary of Education; or

   D. A rehabilitation training program for disabled individuals approved by the Secretary of Education.

2. For periods not exceeding 3 years for each of the following while I am

   A. On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service;

   B. Serving as a Peace Corps Volunteer;

   C. Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs (e.g. VISTA);

   D. Serving as a full-time volunteer for an organization exempt from Federal income taxation under Section 501(c)(3) of the Internal Revenue Code of 1954, while performing service which is comparable to service performed in the Peace Corps or ACTION programs; or

   E. Temporarily totally disabled, as established by an affidavit of a qualified physician, or unable to secure employment because I am providing care required by my spouse who is temporarily totally disabled, as established by an affidavit of a qualified physician.

3. [illegible] not to exceed two 2 years while I am serving in an internship that is required for me to begin professional [...]

conscientiously seeking but unable to [...]

[...] evidence of my eligibility. I am [...]
[...] was granted no longer exists.

[...] DEFENSE

[...] loans repaid by the Secretary of Defense. [...]
zation Act, 1981 (P.L. 96-342, 10 U.S.C. 2141, [...])

local Service recruiter. The program described is a [...]
viduals or those not eligible for enlistment in the [...]

### AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.

2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.

3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.



SIGNATURE / TITLE: Supervisor Claims   DATE: 01/07/89

F0025  10-87

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #1 OF 2

Maurice Taylor
19946 Strasburg
Detroit, MI 48205-1636
Account No. XXXXX7384

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 04/14/11.

On or about 01/08/87, the borrower executed promissory note(s) to secure loan(s) of $2,625.00 from First Bank (Milwaukee, WI). This loan was disbursed for $2,625.00 on 04/24/87, at 8.00 percent interest per annum. The loan obligation was guaranteed by Higher Education Assistance Foundation, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 08/02/89, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,809.56 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 02/02/93, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $2,809.56 |
| Interest: | $4,801.89 |
| Total debt as of 04/14/11: | $7,611.45 |

Interest accrues on the principal shown here at the rate of $0.62 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 5/6/11

Loan Analyst
Litigation Support

Peter La Roche
Loan Analyst

EXHIBIT D

PLEASE PRINT CLEARLY IN INK
BE SURE TO PUT YOUR INITIALS BY ANY CORRECTIONS YOU HAVE TO MAKE.

## GUARANTEED STUDENT LOAN PROMISSORY NOTE

Your Name: Maurice Taylor
Your Address: 18415 Gable
Your City/State/Zip: Det., MI. 48211

### A. IMPORTANT – READ THIS INFORMATION CAREFULLY
The terms "I" and "me" refer to the borrower.

1. I will read the Promissory Note before I fill it out. If I have any questions, I will ask my lender. If I don't know who my lender will be, I will contact my school or HEAF.
2. When the lender accepts my signed Promissory Note with my application, the lender is not necessarily agreeing to lend me the money. The lender has the right not to make a loan or lend an amount less than the Loan Amount Requested. I will be required to repay only the amount of money that the lender lends. Laws and regulations may not allow the lender to lend me as much as I have asked for.
3. After HEAF has agreed to guarantee my loan, the lender will send me a Disclosure Statement. The Disclosure Statement will tell me
   a) the total dollar amount of my loan
   b) the interest rate I will pay
   c) the dollar amount of the origination fee I will pay
   d) the dollar amount of the guarantee fee I will pay
   e) my disbursement schedule (when I will get my loan checks)
   f) how long my grace period will be

Some of the terms on my Disclosure Statement may be different from what they are on the Promissory Note. If they are different, the terms on the Disclosure Statement apply instead of what is on this Note. If I am not satisfied with the new terms, I may cancel the agreement. If I do wish to cancel this agreement, I will contact my lender immediately and I will not cash any loan checks.

I will be sure to check the Disclosure Statement as soon as I get it and let my lender know if anything looks wrong or if I have any questions.

### B. PROMISE TO PAY

I, Maurice Taylor, promise to pay to the order of First Bank, (N.A.) Milwaukee, Wisconsin

All of the following amounts:

1) The entire Loan Amount Requested or such lesser amount as is ... LOAN AMOUNT REQUESTED: $2,625.00

### F. DEFERMENT
I understand that in certain instances authorized by the Act the payments I am required to make under Section D may be deferred. The instances currently authorized by the Act are described on the reverse side of this Note. To obtain such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of the HEAF, including, without limitation, submission of required forms to the lender.

### G. MODIFICATION OF REPAYMENT TERMS
If I am unable to repay this loan in accordance with the terms established under Section D, I may request the lender to modify these terms in the manner identified on the reverse side of this Note. I understand that a modification of repayment terms under this section is different from Deferment (Section F) and that during this period I will remain responsible for payment of interest which the lender may (a) collect from me on a periodic basis or (b) add to the principal balance of the loan.

### H. DEFAULT & ACCELERATION
If I default on this loan, the lender may declare the entire unpaid amount of the loan, including interest and applicable late charges, immediately due and payable. A default may also make me ineligible for the benefits described under DEFERMENT and REPAYMENT in this Promissory Note. Under HEAF regulations governing the GSLP, any of the following events is a default:
1) Failing to make any payment when due
2) Making any false representation for the purposes of obtaining this loan
3) Using the loan proceeds for other than educational purposes
4) Failing to enroll in the school that completed the application for the time identified as my loan period
5) Not notifying the lender immediately if (a) I drop to less than a half-time student, (b) change my graduation date, (c) change my name or (d) change my address

If I default, I will also pay all charges and other costs – including attorney's fees – that are permitted by federal law and regulations for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay collection costs not to exceed 25 percent of the unpaid principal and accrued interest.

### I. CREDIT BUREAU NOTIFICATION

### J. LATE CHARGES

### C. GENERAL

### D. REPAYMENT

### E. PREPAYMENT

NOTICE TO BORROWER
(a) DO NOT SIGN THIS PROMISSORY NOTE BEFORE YOU READ IT
(b) YOU ARE ENTITLED TO A COPY OF THIS PROMISSORY NOTE
(c) YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY
(d) IF YOU HAVE ANY QUESTIONS OR WISH TO CANCEL THIS LOAN 1) DO NOT CASH THE LOAN CHECK(S) AND 2) CONTACT YOUR LENDER

X Maurice Taylor      1-8-87

LENDER COPY      EXHIBIT C

## DEFERMENT OF REPAYMENT

...payments that I am required to make under Section ... ...eferred after the repayment period begins, because ...ocedural requirements set forth in the regulations...

### AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.
2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.
3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

SIGNATURE X  Karin Moseley
TITLE  HSCA Claims Supervisor
DATE  SEP 27 1989

...LP (however, only citizens or nationals may attend ...cational school that is operated by an agency of the ...of Education; or\ ...approved by the Secretary of Education ...while I am ... ...serving as an officer in the Commissioned Corps of ...

...Volunteer Service Act of 1973 (ACTION programs) ...t from Federal income taxation under Section 501 ...ning service which is comparable to service per... ...of a qualified physician, or unable to secure em... ...use who is temporarily totally disabled, as estab... ...rnship that is required for me to qua... are... ...scientiously seeking but unable to find full time...

To be granted a deferment, I must provide the lender with written evidence of my eligibility. I must subsequently notify the lender as soon as the condition for which the deferment was granted no longer exists.

### MODIFICATION OF REPAYMENT TERMS

If I am unable to repay this loan in accordance with the terms established under Section D, I may request the lender to ... The lender may, but is not required to, allow any of the following:

1. A ... period of time in which payments are waived.
2. A reasonable extension of time for making payments.
3. Ma... ...scheduled.

I understand that during this period I will remain responsible for payment of interest which the lender may (a) collect from me on a periodic basis or (b) add to the principal balance of the loan.

### REPAYMENT BY DEPARTMENT OF DEFENSE

Under certain circumstances, military personnel may have their loans repaid by the Secretary of Defense, in accordance with Section 902 of the Department of Defense Authorization Act, 1981 (P.L. 96-342, 10 U.S.C. 2141, note.) Questions concerning the program should be addressed to the local Service recruiter. The program described is a recruiting program and does not pertain to prior service individuals or those not eligible for enlistment in the Armed Forces.